J-S62028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GREGORY L. STROLL | |
| Appellant | No. 1538 MDA 2016 |

Appeal from the PCRA Order August 22, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0000684-1994

BEFORE:  STABILE, J., MOULTON, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MOULTON, J.:          **FILED NOVEMBER 14, 2017**

Gregory L. Stroll appeals, *pro se*, from the August 22, 2016 order entered in Dauphin County Court of Common Pleas dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. We affirm.

On November 17, 1994, a jury convicted Stroll of first-degree murder and criminal conspiracy to commit murder.[1]  That same day, the trial court sentenced Stroll to an aggregate term of life imprisonment without the possibility of parole.  Stroll filed a notice of appeal, and on October 2, 1995,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2502(a) and 903(a), respectively.

this Court affirmed. Stroll then filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied on April 16, 1996.

On February 18, 1998, Stroll filed his first PCRA petition. On December 18, 1999, the PCRA court dismissed the petition. This Court affirmed the dismissal on June 10, 1999. Stroll did not file a petition for allowance of appeal.

On March 29, 2016, Stroll filed the instant PCRA petition. On April 13, 2016, the PCRA court issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907, and, on August 22, 2016, dismissed the petition. On September 9, 2016, Stroll filed a timely notice of appeal.

In his statement of questions involved, Stroll presents, in effect, a single argument: The failure to apply the United States Supreme Court's decisions in **Miller v. Alabama**, 567 U.S. 460 (2012) and **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), to his life without parole sentence for first-degree murder, simply because he was over the age of 18 when he committed the offenses, violates the Equal Protection Clause of the 14th Amendment to the United States Constitution and Article 1, Section 26 of the Pennsylvania Constitution.

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa.Super. 2011).

It is well settled that "the timeliness of a PCRA petition is a jurisdictional requisite." **Commonwealth v. Brown**, 111 A.3d 171, 175 (Pa.Super.), *app. denied*, 125 A.3d 1197 (Pa. 2015). A PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Stroll's judgment of sentence became final on July 15, 1996,[2] when his time to petition the United States Supreme Court for a writ of *certiorari* expired. Stroll had one year from that date, or until July 15, 1997, to file a timely PCRA petition. Therefore, his current petition, filed in March 2016, is facially untimely.

Stroll's petition remains untimely unless it alleges and proves a PCRA time-bar exception. Courts may consider a PCRA petition filed more than one year after a judgment of sentence became final only if the petitioner alleges and proves one of the following three statutory exceptions:

---

[2] Stroll had 90 days from his judgment of sentence to file a petition for a writ of *certiorari* with the United States Supreme Court. **See** U.S.S.Ct.R. 13 (1995) (repealed 1997) ("A petition for a writ of *certiorari* seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."). Because the ninetieth day, July 14, 1996, was a Sunday, Stroll had until the next business day, July 15, 1996, to file his notice of appeal. **See** 1 Pa.C.S. § 1908.

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii); *see Brown*, 111 A.3d at 175.  In addition, when invoking an exception to the PCRA time bar, the petition must "be filed within 60 days of the date the claim could have been presented."  42 Pa.C.S. § 9545(b)(2).

In his PCRA petition, Stroll does not address the timeliness of his petition, but asserts that he should be entitled to relief because the United States Supreme Court's decisions in *Miller v. Alabama*, 567 U.S. 460 (2012), and *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016), apply retroactively to his sentence.  Implicitly, Stroll is also arguing that he meets the new-constitutional-right exception to the PCRA time bar.  In *Miller*, the Supreme Court held that a sentence of life imprisonment without the possibility of parole was unconstitutional when imposed upon defendants who were "under the age of 18 at the time of their crimes."  567 U.S. at 465.  In *Montgomery*, the Supreme Court held that its *Miller* decision applied retroactively to cases on state collateral review.  136 S.Ct. at 732.

Stroll was 20 years old at the time he committed the murder for which he was convicted.[3]  We have held that *Miller*'s prohibition of life-without-parole sentences does not apply to those who were not juveniles at the time of the offense.  *See Commonwealth v. Cintora*, 69 A.3d 759, 764 (Pa.Super. 2013) (concluding that for appellants, who were 19 and 21 at time of offense, "the holding in *Miller* does not create a newly-recognized constitutional right that can serve as the basis for relief");[4] *see also Commonwealth v. Furgess*, 149 A.3d 90, 94 (Pa.Super. 2016) (reaffirming holding of *Cintora* that petitioners who were 18 or older "at the time they committed murder are not within the ambit of the *Miller* decision and therefore may not rely on that decision to bring themselves within the time-bar exception").

In sum, because Stroll was 20 at the time of the offenses, *Miller* does not apply, and Stroll has failed to satisfy the new-constitutional-right

---

[3]  Stroll was born on December 9, 1973 and committed the offenses at issue on January 13, 1994.

[4] In *Cintora*, this Court rejected the appellants' argument that it would violate the Equal Protection Clause to not grant relief pursuant to *Miller*.  The appellants argued that *Miller* should apply to those under the age of 25 "because *Miller* created a new Eighth Amendment right, that those whose brains were not fully developed at the time of their crimes are free from mandatory life without parole sentences, and because research indicates that the human mind does not fully develop or mature until the age of 25."  69 A.3d at 764.  The Court noted that the appellants' "contention that a newly-recognized constitutional right **should** be extended to others does not render their petition timely pursuant to section 9545(b)(1)(iii)."  *Id.* (emphasis in original).

exception to the PCRA time bar.[5]  Therefore, the PCRA court did not err in dismissing the petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/14/2017

---

[5] Further, even if **Miller** and **Montgomery** applied to Stroll's case his PCRA petition was still untimely because he failed to file it within 60 days of the **Montgomery** decision.  **See** 42 Pa.C.S. § 9545(b)(2) ("Any petition invoking an exception [to the PCRA time bar] shall be filed within 60 days of the date the claim could have been presented.").